UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                Crim. No. 11-139 (PAM)

                  Plaintiff,

v.                                           **MEMORANDUM AND ORDER**

Kim Rolene Hutterer,

                  Defendant.

_____

This matter is before the Court on Defendant's Pro Se Motion to Vacate under 28 U.S.C. § 2255. (Docket No. 71.) For the following reasons, the Motion is dismissed as time-barred.

**BACKGROUND**

On January 9, 2012, Defendant Kim Rolene Hutterer was sentenced to 180 months in prison after pleading guilty to making threatening interstate communications in violation of 18 U.S.C. § 875(c) and mailing threatening communications in violation of 18 U.S.C. § 876(c). Hutterer appealed her sentence to the Eighth Circuit, which affirmed her sentence on February 19, 2013. United States v. Hutterer, 706 F.3d 921 (8th Cir. 2013).

On July 26, 2018, Hutterer filed a motion for post-conviction relief under 28 U.S.C. § 2241, which was assigned to Judge Patrick J. Schiltz and Magistrate Judge Hildy Bowbeer. On October 26, 2018, Judge Schiltz adopted Judge Bowbeer's Report and Recommendation and dismissed Hutterer's § 2241 petition for lack of jurisdiction because Hutterer had failed to establish that a § 2255 motion would be inadequate or

ineffective. See Hutterer v. Barnes, No. 18-CV-2178, 2018 WL 5307840, at *2 (D. Minn. Oct. 26, 2018) (Schiltz, J.). On November 16, 2018, Hutterer filed the instant Motion under § 2255(f)(3).

Hutterer argues that her due process rights have been violated because she was convicted of a "crime of violence," a term defined in 18 U.S.C. § 16(b) that the Supreme Court has recently held to be unconstitutionally vague. See Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Hutterer claims that the holding in Dimaya requires that she be re-sentenced. In response, the Government moved to dismiss, arguing that Hutterer's Motion is time-barred. (Docket No. 74.)

**DISCUSSION**

28 U.S.C. § 2255(f) states in relevant part:

> A 1-year statute of limitation shall apply to a motion under this section. The limitation period shall run from the latest of — (1) the date on which the judgment of conviction becomes final . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Hutterer's judgment of conviction became final in 2013 when the Eighth Circuit affirmed her sentence and the time for filing for certiorari expired. Therefore, her claim is time-barred under subsection (1) unless subsection (3) applies. Hutterer argues that her petition is timely because it was filed within one year of the Supreme Court's Dimaya decision, which issued on April 17, 2018.

However, subsection (3) does not apply to this case. Hutterer seems to argue that she was sentenced based on a conviction for a "crime of violence" and that Dimaya has

2

now invalidated the definition of "crime of violence" contained in the 2011 Sentencing Guidelines under which Hutterer's sentence was imposed.  See U.S.S.G. § 4B1.2(a)(2) (2011) (a "crime of violence" includes a felony offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another").  "[T]he Supreme Court did not expressly address the retroactivity of Dimaya or its availability as a basis for collateral relief."  Enriquez v. United States, No. 18-23487, 2018 U.S. Dist. LEXIS 151123 at *7 (S.D. Fla. Sept. 4, 2018).  However, the Court need not decide whether Dimaya applies retroactively because the holding simply does not apply to this case.

First, in Dimaya, the Supreme Court decided that the definition of "crime of violence" was unconstitutionally vague based on entirely different facts and an entirely different statute, 18 U.S.C.S. § 16(b).  Dimaya, 138 S. Ct. at 1223.  Second, the definition of "crime of violence" would only apply to this case if Hutterer had been sentenced under U.S.S.G. § 4B1.2(a) as a "career offender," which is where the term "crime of violence" appears.  However, the Court adopted the Presentence Investigation Report's Sentencing Guidelines analysis that determined Hutterer was not a career offender, a fact that she herself concedes.  (PSR at ¶ 144; Def.'s Resp. (Docket No. 76) at 2.)  Rather, the Guidelines analysis the Court adopted started from the standard base offense level for "Threatening or Harassing Communications" found in U.S.S.G. § 2A6.1, and then applied various offense- and victim-related enhancements and adjustments.  See PSR at ¶¶ 28-53.  Because Hutterer was not sentenced as a career offender under U.S.S.G. § 4B1.2(a), the term "crime of violence" was never a factor in sentencing.  Neither the term "career offender" nor "crime of violence" appear anywhere in the Government's

3

position paper, this Court's Judgment, the Statement of Reasons, or the applicable guidelines. Therefore, <u>Dimaya</u> does not apply.

Because <u>Dimaya</u> has no applicability to this matter, Hutterer cannot claim that the one-year statute of limitations for her § 2255 claim began to run in 2018. Rather, § 2255(f)(1) applies, because the date on which Hutterer's judgment of conviction became final is the latest date that the statute of limitations could begin to run. Hutterer's judgment of conviction became final in 2013 when the Eighth Circuit affirmed her sentence and the time for filing for certiorari expired. Therefore, the time for Hutterer to file a § 2255 motion expired in 2014, and her instant Motion is time-barred.

**CONCLUSION**

Hutterer has failed to show that <u>Dimaya</u> has any applicability to her sentencing, and therefore, her Motion is time-barred under § 2255(f)(1). Accordingly, **IT IS HEREBY ORDERED that**:

1. The Government's Motion to Dismiss (Docket No. 74) is **GRANTED**; and
2. Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Docket No. 71) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>January 25, 2019</u>

<i>s/ Paul A. Magnuson</i><br>
Paul A. Magnuson<br>
United States District Court Judge